Dear Representative Salter:
We are in receipt of your recent opinion request relative to the constitutionality of the provisions of Act No. 443 of the 1995 Regular Session. You asked specifically about the constitutionality of the provisions of the Act that make the Conservation District responsible for functions that have been done in the past by other political entities.
In answer to your question, we must first look to the constitution and the powers provided therein. L.S.A.-Const. Art. VI, Section 19 establishes the legislature's powers in creating special districts and defining those powers:
 L.S.A.-Const. Art. VI, Sec. 19
 "Subject to and not inconsistent with this constitution, the legislature by general law or by local or by special law may create or authorize the creation of special districts, boards, agencies, commissions, and authorities of every type, define their powers, and grant to the special districts, boards, agencies, commissions, and authorities so created such rights, powers, and authorities as it deems proper, including, but not limited to, the power of taxation and the power to incur debt and issue bonds."
Specifically with regard to Article VI, Section 19, the Supreme Court in Board of Directors of the Louisiana Recovery District v.All Tax Payers, Property Owners and Citizens of the State ofLouisiana, et al, 529 So.2d 384, 389 (La. 1988), found that the legislature held "plenary authority to create any type of special district and to confer upon it any power that the legislature deems proper." The court further held that Section 19 was to be interpreted broadly and was "not intended to restrict the prerogative of the legislature in any way with regard to the . . . function of a special district." Id.
It is the opinion of our office that the state legislature, pursuant to L.S.A. Const. Art. VI, Section 19, holds the power to create special districts and define their powers, and therefore the establishment of the Kepler Creek and Mill Creek Reservation and Water Conservation District is constitutional.
Your request further suggests that there may be some questions regarding provisions of the act which give the Conservation District authority over functions that had been done previously in the past by other political entities. In L.S.A.-R.S. 38:3087.33, the purposes and powers of the district are provided. The legislature, in passing the Act, limited the power of the district. R.S. 38:3087.33 (C) provides in pertinent part, "However, the district shall have no authority to regulate or control any use by any municipality, district, or other person of such water supply which use was being made by such municipality, district, or other person on June 17, 1995, including no authority to charge or collect any fee or charge therefore."
Because of the limitation of power cited above, the Water Conservation District can not deny or control any function or use of the water supply by any municipality, district or other person when such functions were used by the municipality, district or other person on or before June 17, 1995. The district is further prohibited by the Act from charging or collecting any fee or charge for such prior use or function.
It is the opinion of this office that Act 443 of the 1995 Regular Session, which created the Kepler Creek Recreation and Water Conservation District, is constitutional and that the district is empowered by the legislature to perform functions with regard to the use of the water supply that were not done in the past by any other political entities or persons prior to June 17, 1995.
We hope that the foregoing has been of help. Should you have any questions please do not hesitate to call our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CHARLES H. BRAUD, JR
ASSISTANT ATTORNEY GENERAL
RPI:CHB, JR/mjb